FILED
AUG 14 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEITH ALLEN MORTON, )
 ) Civil No. 09-53-PK
           Petitioner, )
 )
      v. )
 )
J.E. THOMAS, Warden, )
FCI Sheridan, ) FINDINGS AND RECOMMENDATION
 )
           Respondent. )

    Keith Allen Morton
    Fed. Reg. No. 67806-065
    P.O. Box 5000
    Sheridan, Oregon  97378

        Petitioner Pro Se

    Karin J. Immergut
    United States Attorney
    Suzanne A. Bratis
    Assistant United States Attorney
    1000 S.W. Third Avenue, Suite 600
    Portland, Oregon 97204-2902

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner, Keith Allen Morton, an inmate at FCI Sheridan, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 *pro se*. For the reasons set forth below, his Petition (#2) should be DENIED, without prejudice.

## BACKGROUND

The Bend, Oregon Police Department arrested Morton on February 11, 2004 and the Marion County Circuit Court sentenced him on May 4, 2004 to a total 36-month term on state charges. He was held in state custody following his sentencing in Marion County. On December 8, 2004, the United States Marshals Service took custody of Morton through a Writ of Habeas Corpus Ad Prosequendum.

On July 7, 2005, Morton appeared in Federal Court and was sentenced to a 140-month term for distribution of methamphetamine. The court ordered Morton's federal service to be served concurrently with the undischarged terms of his state sentence. The Marshals service returned Morton to state custody on July 27, 2005 in satisfaction of the writ.

On October 15, 2008, the State of Oregon released Morton to federal custody. He received 83 days of prior custody credit for the time served in state custody between the date of his initial arrest on February 11, 2004, and the imposition of his state sentence on May 3, 2004.

///

2 - FINDINGS AND RECOMMENDATION

## DISCUSSION

In his habeas corpus petition to this court, Morton alleges he is entitled to additional credit for time served for the period between May 4, 2004, when he began serving his state sentence, and July 7, 2005, when his federal sentence was imposed. Respondent contends the court should deny the writ because Morton has not exhausted his administrative remedies, as required by 42 U.S.C. § 1997e(a)[1] and 28 C.F.R. §§ 542.10-19[2]. A review of the computerized records maintained by the Federal Bureau of Prisons reveals that Morton has not filed any administrative appeal on this issue. Response to Habeas Petition (#9), Exh.1, Att. 5. Morton contends that the Prison Litigation Reform Act (PLRA) provides that a petitioner need not exhaust administrative remedies if it would be futile to do so, and that "such is the case here." Petitioner's Supporting Memorandum (#13), p. 2. Beyond Morton's bare assertion, however, he does not support his contention that exhaustion of administrative remedies would be futile and respondent argues that the BOP's administrative process permits internal agency review of the discretionary decision Morton challenges in this action.

---

[1] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[2] These sections set out the BOP's Administrative Remedy Program policies.

3 - FINDINGS AND RECOMMENDATION

Response to Habeas Petition (#9), p. 4. Respondent further contends that even if this court were to review the merits of Morton's claim, the writ should be denied because he was properly credited for his time in state custody beginning on the day he was sentenced to federal imprisonment, July 7, 2005, and not for the prior 14-plus months he was in custody for which he received "credit for time served" on his state sentence. See 18 U.S.C. § 3585(b)[3].

Since I concur with respondent that Morton has failed to exhaust his administrative remedies I decline to review the merits of his claim.

### RECOMMENDATION

Based on the foregoing, I recommend that the Petition for Writ of Habeas Corpus (#2) be DENIED, and that judgment be entered DISMISSING this case without prejudice.

### SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due August 28, 2009. If no

---

[3] "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

4 - FINDINGS AND RECOMMENDATION

objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 14th day of August, 2009.

_____
Paul Papak
United States Magistrate Judge